# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | | |
|---|---|---|
| MONTY LEE EDDINGS, Register No. 97337, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4138-CV-C-NKL |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Monty Lee Eddings, currently an inmate confined in an Oklahoma penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1]

Plaintiff's complaint (titled Writ of Mandamus) seeks the Federal District Court to order the Circuit Court of Camden County, Missouri, to respond to his request/filing challenging his juvenile record convictions. Plaintiff is seeking to have the Camden County Circuit Court expunge his juvenile record.

Although plaintiff has paid the filing fee in full and is not requesting leave to proceed in forma pauperis, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

Plaintiff's complaint clearly asks this court to intervene in an ongoing state court proceeding. It is a well-established policy that the federal courts should abstain from meddling in litigation pending in the state courts. See Burford v. Sun Oil Co., 319 U.S. 315, 332 (1943). In Younger v. Harris, 401 U.S. 37, 46 (1971), the Supreme Court specifically directed "federal

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

courts to abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) the proceeding affords an adequate opportunity to raise the federal questions presented." Norwood v. Dickey, 409 F.3d 901, 903 (8th Cir. 2005) (citing Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, plaintiff specifically identifies an ongoing state proceeding in Camden County Circuit Court in which he seeks to have this court intervene. This court takes judicial notice that plaintiff has a case currently pending with the Circuit Court of Camden County, Missouri, Monty Lee Eddings v. State of Missouri, et al, case no. 07CM-CC00219, filed July 30, 2007, seeking expungement/corrections of plaintiff's arrest records. The disposition of this case shows it to be "not disposed" and the docket sheet reflects that plaintiff filed a notice of appeal/writ of mandamus on May 27, 2008, and another notice of appeal on June 11, 2008. Despite plaintiff's allegations that the Camden County Circuit Court is not properly responding to his filings; plaintiff's case remains open with the Camden County Circuit Court and plaintiff has just recently filed motions seeking state court appellate review of his case. Based on these ongoing state proceedings, there can be no allegation that plaintiff is not being given the opportunity to raise a federal question of law in state court. Moreover, the State of Missouri has an important interest in deciding its own state criminal law matters.

Plaintiff's complaint should be dismissed because he has failed to state a claim under 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, RECOMMENDED that plaintiff's claims be dismissed, without prejudice, pursuant to the abstention doctrine and 28 U.S.C. § 1915A.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time

2

to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. <u>See</u> L.R. 74.1(a)(2).

Dated this 5th day of August, 2008, at Jefferson City, Missouri.


/s/  *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

Case 2:08-cv-04138-NKL   Document 3   Filed 08/05/08   Page 3 of 3